**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | |
| CLEAN ENERGY COLLECTIVE, LLC, ) | Case No. 20-17543 MER |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

**ORDER ESTABLISHING BAR DATE FOR THE FILING OF PROOFS OF CLAIM PURSUANT TO FED. R. BANKR. P. 3003(c)(3)**

THIS COURT, having reviewed the *Motion for Order Establishing Bar Date for the Filing of Proofs of Claim Pursuant to Fed. R. Bankr. P. 3003(c)(3)* (the "Motion"), filed by Clean Energy Collective, LLC, debtor-in-possession, being advised in the premises and good cause having been shown, hereby:

ORDERS that the motion is GRANTED.

IT IS FURTHER ORDERED that the Proofs of Claim in the above-captioned chapter 11 bankruptcy case must be filed no later than **February 19, 2021 (the "Bar Date")**. The Bar Date applies to all entities[2] holding claims against the Debtor that arose or are deemed to have arisen prior to November 20, 2020 (the "Petition Date"). The Bar Date further applies to all types of claims against the Debtor that arose prior to the Petition Date, including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under 11 U.S.C. §§ 507(a) and 503(b)(9)) and unsecured nonpriority claims. The filing of a proof of claim form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under 11 U.S.C. § 503(b)(9).

IT IS FURTHER ORDERED that any creditor holding a claim arising prior to the Petition Date must file a proof of claim with the court if the claim is: (i) not scheduled, (ii) scheduled as disputed, contingent, or unliquidated, or unknown, or (iii) if such creditor disagrees with the amount or nature of the scheduled claim.

IT IS FURTHER ORDERED that all administrative claims under 11 U.S.C. § 503(b) (other than under § 503(b)(9)) must be made by separate requests for payment in accordance with 11 U.S.C. § 503(a) and will be disregarded if made by proof of claim. The Bar Date will not apply to administrative expense claims (other than claims under § 503(b)(9)), claims of governmental entities, and claims of professionals for post-petition fees and expenses.

IT IS FURTHER ORDERED that any claims filed after the Bar Date will be DISALLOWED. Any individual or entity that is required to file a proof of claim and that fails to do so by the Bar Date will not be treated as a creditor for the purposes of voting or distribution,

---

[2] As used herein, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code and includes, among other things, "persons" as such term is defined in section 101(41) of the Bankruptcy Code.

may not receive any further notices of mailings in this chapter 11 case and any claim of such individual or entity may be forever barred against Clean Energy Collective, LLC.[3]

IT IS FURTHER ORDERED that following the Bar Date, a creditor must obtain Court approval to amend a claim deemed filed on its behalf pursuant to 11 U.S.C. § 1111(a) by virtue of the listing of such claim by Debtor in its bankruptcy schedules.

IT IS FURTHER ORDERED that a copy of this order, notice in the form attached hereto as <u>Exhibit A</u>, and a proof of claim form must be served on all parties-in-interest pursuant to Fed. R. Bankr. P. 2002(a)(7) within three business days from entry of this order, and a certificate of service filed evidencing same.

IT IS FURTHER ORDERED that the proof of claim form transmitted to creditors must comply with Official Form 410 in all respects.

DATED this 6th day of January, 2021.

BY THE COURT:

_____
U.S. BANKRUPTCY JUDGE

---

[3] Subject to 11 U.S.C. § 726(a)(1) in the event of conversion.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| CLEAN ENERGY COLLECTIVE, LLC, | ) Case No. 20-17543 MER |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |

**NOTICE OF ORDER ESTABLISHING PROCEDURES AND BAR DATE FOR THE FILING OF PROOFS OF CLAIM PURSUANT TO FED. R. BANKR. P. 3003(c)(3)**

TO INDIVIDUALS AND ENTITIES WHO MAY BE CREDITORS OF DEBTOR:

Please take notice that the bankruptcy court has entered an order establishing procedures and a bar date for filing proofs of claim pursuant to Bankruptcy Rule 3003(c)(3) as follows:

(a) All Proofs of Claim in the above-captioned chapter 11 bankruptcy case must be filed no later than **February 19, 2021** (the "Bar Date"). Claimants can file an electronic proof of claim on the Court's website at www.cob.uscourts.gov/proof-claim. No login or password is required. Claimants can also file a proof of claim in person or by mail at the U.S. Bankruptcy Court, 721 19th Street, Denver, CO 80202.

**CLAIMS ARE NOT DEEMED FILED UNTIL ACTUALLY RECEIVED BY THE CLERK.**

(a) **ANY CLAIMS FILED AFTER THE BAR DATE WILL BE DISALLOWED.** Any individual or entity that is required to file a proof of claim by the Bar Date and that fails to do so will not be treated as a creditor for the purposes of voting or distribution, may not receive any further notices of mailings in this chapter 11 case and any claim of such individual or entity may be forever barred.

(b) The Bar Date applies to all entities[4] holding claims against the Debtor that arose or are deemed to have arisen prior to **November 20, 2020 (**the "Petition Date"). The Bar Date further applies to all types of claims against the Debtor that arose prior to the Petition Date, including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a) and 503(b)(9) of the Bankruptcy Code) and unsecured nonpriority claims. The filing of a proof of claim form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code (which, despite their administrative priority status, are prepetition claims).

---

[4] As used herein, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code and includes, among other things, "persons" as such term is defined in section 101(41) of the Bankruptcy Code.

EXHIBIT A

(c) All administrative claims under section 503(b) of the Bankruptcy Code (other than under section 503(b)(9)) must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and will be disregarded if made by proof of claim. The Bar Date will not apply to administrative expense claims (other than claims under section 503(b)(9)), claims of governmental entities, and claims of professionals for post-petition fees and expenses.

(d) Any creditor holding a claim arising prior to date of Debtor's chapter 11 bankruptcy filing, November 20, 2020, must file a proof of claim with the court if the claim is: (i) not scheduled, (ii) scheduled as disputed, contingent, unliquidated, or unknown, or (iii) if such creditor disagrees with the amount of the scheduled claim.

(e) Following the Bar Date, a creditor must obtain Court approval to amend a claim deemed filed on its behalf pursuant to 11 U.S.C. § 1111(a) by virtue of the listing of such claim by Debtor in its bankruptcy schedules.

(f) CLAIMANTS WHO HAVE ALREADY FILED THEIR PROOFS OF CLAIM SHOULD NOT FILE A DUPLICATE CLAIM. Claimants who have filed a Proof of Claim MAY file an amended Proof of Claim by the Bar Date.

**ANY CLAIM NOT TIMELY FILED WITH THE CLERK WITHIN THE TIME SET FORTH ABOVE MAY BE FOREVER BARRED FROM SHARING IN THE ESTATE OR BEING TREATED AS A CLAIM FOR PURPOSES OF VOTING OR DISTRIBUTION.[5]**

DATED: January ___, 2021.

WADSWORTH GARBER WARNER CONRARDY, P.C.

*/s/ Lindsay S. Riley*
David V. Wadsworth, #32066
Lindsay S. Riley, #54771
2580 West Main Street, Suite 200
Littleton, Colorado 80120
303-296-1999 / 303-296-7600 FAX
dwadsworth@wgwc-law.com
lriley@wgwc-law.com
*Attorneys for the Debtor-in-Possession*

---

[5] Subject to 11 U.S.C. § 726(a)(1) in the event of conversion.